UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VERDELLA ENA,<br><br>        Plaintiff,<br><br>v.<br><br>RAMSEY COUNTY, RAMSEY COUNTY HUMAN SERVICES, RAMSEY COUNTY SHIEFF, RAMSEY COUNTY POLICE DEPARTMENT, REGIONS HOSPITAL - THEN - RAMSEY COUNTY HOSPITAL, UNITED HOSPITAL, HENNEPEN COUNTY, and ANOKA METROL REGIONAL TREATMENT CENTER,<br><br>        Defendants. | Civil No. 08-869 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied, and the action will be dismissed, if a plaintiff has filed a pleading that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A pleading is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(I), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

The Supreme Court has held that federal courts, acting <u>sua</u> <u>sponte</u>, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely."  <u>Denton</u>, 504 U.S. at 33.  However, an IFP action can properly be dismissed, <u>sua</u> <u>sponte</u>, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." <u>Id.</u>, citing <u>Neitzke</u>, 490 U.S. at 325, 328.  In this case, it is readily apparent that Plaintiff's complaint, (Docket No. 1), "rise[s] to the level of the irrational" and can properly be classified as "frivolous," as that term has been defined by the Supreme Court.

Plaintiff's complaint indicates that she has been institutionalized on multiple occasions during the past twenty years, due to mental illness.  During that twenty-year period, Plaintiff allegedly has been the victim of numerous misdeeds committed by a host of offenders.  Several of the incidents described in the complaint clearly illustrate the delusional nature of Plaintiff's pleading.

Plaintiff alleges, for example, that while she was residing in a treatment facility in Anoka, Minnesota, she was forcibly taken to a dentist in the middle of the night, and the dentist then "grounded out fillings" in her back teeth so that her nerves would be exposed.  On another occasion, a nurse at the same treatment facility allegedly put "3/4 inch heat snake eggs" into a "red colored juice" that she was told to drink.  On yet another occasion at the same facility, someone allegedly tried to poison Plaintiff by placing a mask over her face, and forcing her to breath air that was contaminated with "Amthracks."

The complaint also describes an incident when someone allegedly entered Plaintiff's apartment, unbeknownst to her, and converted her television set into a "monitor" that allowed people to watch her without her knowledge.  Plaintiff further alleges that someone

installed "some kind of remote control valve" on her car, which allowed a person following her in a black van to "stop the flow of gas" in her car.

The foregoing examples are just a few of the chimerical incidents described in Plaintiff's complaint. Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded on delusions. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(i).

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


Dated: April 1, 2008

                                               s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 18, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.